# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 14, 2020

Lyle W. Cayce
Clerk

No. 19-60885
Summary Calendar

Delita Deysi Melendez De Arriola; Nancy Jacqueline
Arriola-Melendez,

*Petitioners,*

*versus*

William P. Barr, U. S. Attorney General,

*Respondent.*

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A071 777 729
BIA No. A071 777 731

Before Clement, Higginson, and Engelhardt, *Circuit Judge.*
Per Curiam:*

Delita Deysi Melendez de Arriola and her daughter, Nancy Jacqueline
Arriola-Melendez, petition for review of the Board of Immigration Appeals'

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-60885

(BIA) order denying their second motions to reopen and rescind their 1991 *in absentia* removal orders. In their motions to reopen and rescind, Petitioners asserted that they had not received notice of their removal proceedings. We review the BIA's decision under a deferential abuse of discretion standard, overturning only if it was "capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Hernandez-Castillo v. Sessions*, 875 F.3d 199, 203–04 (5th Cir. 2017) (internal quotation marks and citation omitted).

Petitioners contend that they presented evidence that the INS repeatedly mailed documents to them that did not include their apartment number, making it impossible to deliver the documents. Petitioners assert that they did not receive the immigration court's notice of hearing and that it is unreasonable to assume that the mailings could be delivered to them without a proper apartment number.

In 2017, in an order denying Petitioners' first motions to reopen, the immigration judge (IJ) found that the August 19, 1991, order denying their motions to change venue and setting their hearing for September 4, 1991, constituted proper notice of their hearing, that Petitioners had failed to rebut the presumption that the notices of hearing were delivered to them, and that their assertions that they did not receive notices were not credible. The IJ concluded that Petitioners had failed to show that they did not receive notice of their hearing or "reasonable cause" for their failure to appear. On appeal, the BIA stated that Petitioners had actual notice of their deportation proceedings as shown by their motion to change venue. Further, Petitioners' decision to wait nearly 25 years before reinitiating their deportation proceedings demonstrated a lack of diligence, which undermined their claimed lack of notice of the September 4, 1991, hearing and militated against exercising discretion to reopen the deportation proceedings. Although

Petitioners sought review of the BIA's 2017 decisions, we dismissed their petition for review for failure to file a brief.

In 2019, the BIA denied their second motions to reopen, noting that their motions to reopen relied on the same or substantially similar arguments and evidence which had already been "considered and rejected" by the IJ and the BIA in 2017. The BIA explained that their updated affidavits and limited additional documents were unpersuasive and did not rebut or address the reasons their original motions to reopen were denied.

On appeal, Petitioners do not address the BIA's reasoning or make any attempt to explain what material evidence they have presented that was not available when their first motions to reopen were filed. Further, Petitioners do not identify any evidence that impacts the IJ's original adverse credibility finding. Petitioners have not demonstrated that the BIA's denial of their second motions to reopen constituted an abuse of discretion. *Id.* at 203. Accordingly, the petition for review is DENIED in part.

Petitioners have also invoked the BIA's regulatory power to *sua sponte* reopen proceedings. The BIA denied their request to reopen the proceedings *sua sponte*, concluding that the motions to reopen and evidence did not present an exceptional situation which would warrant such a decision. We lack jurisdiction to review the BIA's decision not to exercise its discretion to reopen proceedings *sua sponte*. *See id.* at 206–07 & n.3. The petition is therefore DISMISSED in part. *See id.* at 209.

DISMISSED IN PART AND DENIED IN PART.